UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IAN R. SCHAAD,                                  :

       Petitioner,             :       03 Civ. 9902 (LTS)

       -against-                                :

SUSQUEHANNA CAPITAL GROUP and          :
SUSQUEHANNA FINANCIAL GROUP, LLLP,     :

       Respondents.            :
-----------------------------------------------------------------

### RESPONDENTS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF OPINION AND ORDER DATED AUGUST 10, 2004

**I.   INTRODUCTION AND SUMMARY OF ARGUMENT**

Respondents Susquehanna Capital Group ("SCG") and Susquehanna Financial Group LLLP ("SFG") respectfully seek reconsideration of the attorney's fee portion of the Court's Memorandum Opinion and Order dated August 10, 2004 ("Mem. Op."). Respectfully, the Memorandum Opinion overlooked certain facts when it ruled that "the record before the Court is insufficient . . . to support a determination on [the] issue" of whether the NASD arbitration panel exceeded its powers by awarding attorney's fees incurred by Mr. Schaad in his defense of a separate pending Pennsylvania civil litigation. Mem. Op. 12 at n. 1.

To the contrary, the record before the Court showed that the parties agreed to submit to arbitration the issue of an award of attorney's fees only for the NASD arbitration itself. The record shows that in his Statement of Claim, Mr. Schaad claimed attorney's fees incurred only in connection with that arbitration proceeding. He later testified at the arbitration hearing, however, that the $48,172 in attorney's fees he was seeking to recover were for both the arbitration <u>and</u> the Pennsylvania litigation. The amount eventually awarded by the panel and affirmed by the Court

was that same amount, $48,172 – which, as admitted by Mr. Schaad, consisted of his attorney's fees <u>for both cases</u>.

The record before the Court was therefore entirely sufficient to compel the conclusion that the panel awarded Mr. Schaad attorney's fees for his defense of a litigation that was not within the scope of the arbitration agreement and was not before the panel. Since the attorney's fee award included fees beyond the scope of the arbitration, the panel had no power to issue the award.

Reconsideration should therefore be granted and the attorney's fee award in its entirety should be vacated. Alternatively, at a minimum, the matter should be remanded to the arbitration panel to reduce its attorney's fee award to the amount of attorney's fees incurred by Mr. Schaad in the NASD arbitration only.

## II.    PORTIONS OF THE RECORD OVERLOOKED BY THE COURT

The present motion does not challenge the Court's conclusion that the NASD panel had the power to make an award of attorney's fees. The Court came to that conclusion by reasoning that "by requesting costs and attorney's fees in their submissions to the NASD prior to the arbitration proceeding, Petitioner and Respondents submitted the issue to the arbitrators, who were thus empowered to decide it." Mem. Op. 13. The fact that the panel may have had the power to award attorney's fees does not, however, mean that that power extended to attorney's fees incurred in litigation not before the panel.

It is true that the parties requested costs and attorney's fees in their NASD submissions -- but the request was expressly limited to the attorney's fees and costs <u>incurred in the arbitration</u>

itself.  Thus, Mr. Schaad's Statement of Claim, apparently overlooked, yet part of the record before the Court,[1] at pages 10 and 11 stated:

> WHEREFORE, claimant Schaad seeks an Award . . . C.  For the costs and attorney's fees Schaad has incurred and will incur in prosecuting these proceedings." (emphasis added)

At the time the Statement of Claim was filed, October 18, 2002, the Pennsylvania litigation was not yet pending.  So "these proceedings" for which Mr. Schaad was claiming attorney's fees could not possibly have included attorney's fees that he later incurred in the Pennsylvania litigation.  They included fees only for the NASD arbitration itself.

Also apparently overlooked in the record before the Court was the affidavit of Mr. Schaad,[2] which was extensively referenced in his counsel's brief seeking confirmation of the award.[3]   That brief, at page 15, and respondents' own brief in opposition, at page 7,[4] both presented to the Court the following sworn statement from Mr. Schaad:

> "2.  During the October 15, 2003 evidentiary hearings in the underlying arbitration, I testified that . . .
>
> > E.  As of the date of the hearings, I had incurred $48,172.99 in attorney's fees in connection with my prosecution of the arbitration and my defense of the Pennsylvania litigation instituted by the respondents." (emphasis added)

---

[1] The Statement of Claim, relevant portions of which are attached hereto as Exhibit A, was part of the record before the Court as Exhibit 1 to the Affidavit of Joseph E. Gasperetti (counsel for Mr. Schaad), filed June 2, 2004.

[2] The Schaad Affidavit, attached as Exhibit B, was filed June 2, 2004.

[3] Pet's Memo 13 -15, 24.

[4] See Respondent's' Memorandum In Opposition to Schaad's Petition To Confirm Arbitration Award, filed May 28, 2004.

There is no dispute that the panel awarded attorney's fees in the same amount that Schaad testified he had incurred -- $48,172.  There is no dispute that Mr. Schaad was therefore awarded some amount for attorney's fees he incurred in a separate state court litigation.

## III.  ARGUMENT

To support its ruling that the record was insufficient to determine that the panel had exceeded its powers by awarding fees for the Pennsylvania litigation, the Court noted that there was no breakdown on the face of the award as to what portion of the $48,172 had been incurred in the arbitration as opposed to the Pennsylvania litigation; nor was there a record of the arbitration proceeding to show how the arbitrators calculated the award.[5]  Mem. Op. 12 at n. 1.  Yet the absence of such a breakdown or such a record does not change the fact that an award was made of attorney's fees incurred in a case not before the panel.

It may be that the breakdown was that $40,000 of the fees awarded were for the Pennsylvania litigation and $8,172 for the arbitration -- or vice versa.  But it is not here the amount of those fees which renders the award beyond the scope of the panel's authority; it is the fact that any fees were awarded at all for the Pennsylvania litigation.  And Mr. Schaad's above-quoted testimony proves that the award included some amount for the Pennsylvania litigation.

It is one thing for SCG and SFG to suffer an award of attorney's fees which is on its face so clearly wrong because the panel applied an NASD rule allowing attorney's fees in discrimination cases to a case that had nothing to do with discrimination.[6]  But it is something else entirely to suffer an award which extends the panel's reach into a still pending state court

---

[5] As the Court knows, respondents SCG and SFG chose not to attend the arbitration hearing.  We therefore do not know if the hearing was transcribed.  Presumably, petitioner's response to this motion will apprise the Court if the hearing was transcribed.

[6] Whether that is a manifest disregard of the law is not the subject of this motion.

litigation. The related "Susquehanna" entities may yet prevail in that litigation on the merits of the underlying tax dispute. Yet the panel has already awarded Mr. Schaad's his legal fees in that case, something which the state court itself presiding in that matter could not do absent a showing of the most extreme misconduct by the Susquehanna entities there involved.

## IV. CONCLUSION

The record shows that the parties never submitted the issue of attorney's fees awardable in the Pennsylvania litigation to the NASD arbitration panel. Its award of attorney's fees for Mr. Schaad's defense of that litigation therefore cannot stand.

Dated: New York, New York
       August 16, 2004

                                              WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

                                              By:_____s/_____
                                                  Kenneth G. Roberts (KR-6960)
                                                  Jarrett M. Behar (JB-4983)
                                            Attorney for Respondents
                                            250 Park Avenue
                                            New York, New York  10177
                                            (212) 986-1116

OF COUNSEL:

Larry H. Spector, Esquire
1650 Arch Street, 22nd Floor
Philadelphia, PA  19103-2097
(215) 977-2000