Joseph E. Gasperetti (JG-2120)
**LAW OFFICES OF**
**JOSEPH E. GASPERETTI, P.C.**
1251 Avenue of the Americas
Suite 920
New York, New York 10020
Phone: (212) 688-1196
Fax:   (212) 688-4168

*Attorneys for the Petitioner*
*Ian R. Schaad*

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------X<br>IAN R. SCHAAD<br><br>                    Petitioner,<br><br>      -against-<br><br><br>SUSQUEHANNA CAPITAL GROUP,<br>SUSQUEHANNA FINANCIAL GROUP LLLP,<br>SUSQUEHANNA INTERNATIONAL GROUP and<br>SUSQUEHANNA IRELAND LIMITED.<br>                    Respondents.<br>-----------------------------------X | Case No.<br>03 CV 9902(LTS) |

### AFFIDAVIT OF IAN R. SCHAAD

STATE OF NEW YORK )
COUNTY OF NEW YORK)

ss:

   IAN R. SCHAAD, being duly sworn, deposes and says:

   1.   I am the petitioner in the the above-captioned action. I make this affidavit on personal knowledge and in

1

support of my motion to confirm the arbitration award.

2. During the October 15, 2003 evidentiary hearings in the underlying arbitration, I testified that:

A. I understood that the tax equalization policy was a benefit of my employment; it was never represented to be a potential cost of the assignment. For example, in the October 13, 1999 letter to me from Ms. Crognale (Gasperetti Aff., Exh. 1, Tab b) the tax equalization was listed as among the many benefits afforded to international assignees. I was never told that I could become obliged to pay over to SIG and its affiliates any tax savings I might realize;

B. while I was employed at SIG, officers and fellow employees of SIG, in practice and in speech, never distinguished at all between SIG and its various affiliates. SIG and all of its affiliates were commonly referred to as simply "Susquehanna". I also testified that except for my salary which was paid to me in Irish currency by SIL, my bonus was always paid to me by SIG in U.S. Dollars. Moreover, I testified that the senior partners of SIG at all times made the most important business decisions concerning my work as

2

a trader, even during the Dublin Assignment.

C. At various times during my employment between 1994 and November 2001, Susquehanna employees assisted me in maintaining my current registration and licenses. For example, in February 2001, I received a pointed memorandum from the "Susquehanna Partners, GP, Compliance Department" advising me that "failure to meet the requirement of either the regulatory or firm elements constitutes grounds for dismissal and also constitutes grounds for remedial action by the firm which may include the withholding of compensation and/or the issuance of fines." (Notice of Inactive Registration to Ian Schaad dated February 23, 2001, Gasperetti Aff., Exh. 12.) Notably, the same memorandum also states that "*Susquehanna* may assist registered employees by coordinating with SRO's to ascertain when an employee is due for training sessions under the regulatory element, but it shall nonetheless also be the employees responsibility to know when his Regulatory Element requirement becomes due and to attend the training sessions as required."

E. As of the date of the hearings, I had incurred

3

$48,172.99 in attorney fees in connection with my prosecution of the arbitration and my defense of the Pennsylvania litigation instituted by the respondents.

_____
Ian R. Schaad

Sworn to before me
this ___ day of May 2004

_____
Notary Public

JOSEPH E. GASPERETTI
Notary Public, State of New York
No. 31-4798340
Qualified in New York County
Commission Expires January 31, 2006

4